UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 2:13-919 |
| | § | |
| DORIS ARACELI MARTINEZ-PORTILLO, | § | |
| Defendant. | § | |

MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Doris Araceli Martinez-Portillo's ("Defendant")

Motion to Dismiss Indictment with Prejudice (Dkt. No. 13), to which the United States of

America ("the Government") has responded (Dkt. No. 15).

I.  Background

The facts relevant to Defendant's motion are not in dispute.

Defendant is a 27-year-old citizen and national of Honduras. On December 22, 1992,

when she was six years old, Defendant was found with her mother at the United States Border

Patrol Checkpoint in Temecula, California. Her mother admitted to having illegally entered the

United States. Defendant and her mother were released on their own recognizance, and

Defendant's mother was hand-served an Order to Show Cause. After failing to appear for the

show cause hearing, Defendant and her mother were tried *in absentia*, and a warrant of

deportation was issued against them on August 11, 1993 ("1993 Deportation Order").

Defendant avoided deportation and remained in the United States under Temporary

Protected Status (TPS) due to conditions in Honduras. Her protected status lasted from January

24, 2000 until February 11, 2009, when her annual TPS renewal application was denied, thus

ending her ability to remain in the United States legally.

On June 25, 2009, at the age of 23, Defendant was convicted of theft in Carson, California and sentenced to 36 months probation. Six months later, on December 21, 2009, Defendant was convicted of two counts of burglary in Los Angeles, California and sentenced to 270 days incarceration and 36 months probation. Immigration and Customs Enforcement thereafter issued an immigration detainer, and on May 27, 2010, Defendant was deported through Phoenix, Arizona ("2010 Deportation Order").

Less than three months later, United States Border Patrol Agents encountered Defendant in Luna County, New Mexico, and she was charged with illegal re-entry under 8 U.S.C. § 1326 in the United States District Court for the District of New Mexico. Defendant waived indictment and pled guilty pursuant to a written plea agreement, wherein she stipulated as follows:

> This plea agreement is contingent upon the Defendant's agreement that the Defendant will not collaterally attack or contest in any manner reinstatement of the Defendant's prior deportation/removal order. By signing this plea agreement, Defendant hereby agrees to waive all challenges, constitutional or otherwise, to reinstatement of the Defendant's prior deportation/removal order.

("2011 Plea Agreement", Dkt. No. 15, Ex. 2 at 5.)

The magistrate judge accepted the guilty plea, and Defendant was convicted and sentenced to 119 days incarceration in Criminal Action No. 2:11-CR-2909 (D. N.M.). Defendant was thereafter deported on February 17, 2011 through Phoenix, Arizona ("2011 Deportation Order").

On November 13, 2011, Defendant was encountered by Border Patrol Agents in Nueces County, Texas. She was indicted for illegal re-entry under 8 U.S.C. § 1326 in this Court in Criminal Action No. 2:11-1099. Defendant moved to dismiss that indictment on the same grounds asserted here; however, United States District Judge Nelva Gonzales Ramos denied Defendant's motion. (2:11-CR-1099, Dkt. No. 18.) Defendant was found guilty by Judge Ramos after a bench trial, and on May 29, 2012, she was sentenced to 15 months imprisonment. After

serving her sentence, Defendant was again deported on May 8, 2013 ("2013 Deportation

Order").

Defendant never attempted to challenge the original 1993 Deportation Order

administratively before an immigration judge or through the Board of Immigration Appeals.

Similarly, Defendant has not attempted to challenge the 2011 or 2013 Deportation Orders

following her criminal convictions for illegal re-entry.

Giving rise to the instant case, Defendant was encountered by Border Patrol agents in

Brooks County, Texas, on September 16, 2013. She has again been charged with illegal re-entry

in violation of 8 U.S.C. § 1326.

## II.    Defendant's Motion to Dismiss

Defendant now moves to dismiss the indictment on the grounds that its predicate

deportation element—the 1993 Deportation Order—was fundamentally unfair due to her age and

inability to participate in the proceedings or to appeal the decision.  She also appears to argue

that the 2011 and 2013 Deportation Orders cannot form the predicate element for the current

charge of illegal re-entry because they, too, were premised on the 1993 Deportation Order.

Defendant does not contest the terms of her 2011 Plea Agreement, wherein she waived

any challenge to the 1993 Deportation Order. Instead, she argues that the stipulations made in

that case cannot be applied here. The Court must therefore decide whether the terms of the 2011

Plea Agreement preclude Defendant from challenging the 1993 Deportation Order as

fundamentally unfair, or from claiming that it, as well as the 2011 and 2013 Deportation Orders

resulting from it, cannot support the predicate deportation element of the currently-pending

illegal reentry charge.

## III.  Analysis

As stated *supra*, Defendant filed the same motion to dismiss the indictment in Criminal

Action No. 2:11-1099. Judge Ramos denied that motion, holding that:

> principles of equity support the application of the doctrine of judicial estoppel in
> this case and that the Fifth Circuit's three-part test [in *Reed v. City of Arlington*] is
> satisfied by the facts in this case.[1] The Defendant will not be heard to challenge
> the 1993 Deportation Order. Neither has the Defendant demonstrated any reason,
> aside from the challenge to the 1993 Deportation Order, that the 2010 Deportation
> and the 2011 Deportation Order do not supply sufficient predicate for the
> indictment for violation of 8 U.S.C. § 1326.

*United States v. Martinez-Portillo*, 2012 WL 43363, *3 (S.D. Tex. Jan. 9, 2012).

The Court agrees with Judge Ramos' analysis and adopts her opinion as its own. The

Court further recognizes that the present indictment does not specify which of Defendant's prior

deportation orders (1993, 2010, 2011, or 2013) serves as its predicate element, and Defendant

has similarly failed to show that the 2013 Deportation Order does not supply sufficient predicate

for the indictment for violation of 8 U.S.C. § 1326.

## IV.  Conclusion

Accordingly, Defendant's Motion to Dismiss Indictment with Prejudice (Dkt. No. 13) is

**DENIED**.

It is so **ORDERED**.

**SIGNED** this 26th day of February, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1. *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (In assessing whether judicial estoppel should apply, we look to see whether the following elements are present: (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.).